IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. McCARTHY, | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 1:CV-15-0788 |
| vs. | : | |
| | : | (Judge Caldwell) |
| DOCTOR EDINGER, *et al.*, | : | |
| Defendants | : | |

*M E M O R A N D U M*

I.   *Introduction*

The pro se plaintiff, John J. McCarthy, is a federal inmate presently housed at the United States Prison in Lewisburg, Pennsylvania. He filed this civil-rights action on April 12, 2015. In his Complaint, McCarthy claims Dr. Edinger terminated all of McCarthy's psychotropic and seizure medications in retaliation for his filing of lawsuits. Presently pending is McCarthy's motion for reconsideration of our May 27, 2015, order. That order dismissed his action, without prejudice, due to his failure to comply with an administrative order requiring him to either pay the $400 filing fee for the action or to file an application to proceed *in forma pauperis* and an authorization form. For the reasons that follow, McCarthy's motion for reconsideration will be denied.

II.   *Standard of Review*

Fed. R. Civ. P. 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A

motion for reconsideration under Rule 59(e) is used "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)(quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).  A party moving to alter or amend a judgment pursuant to Rule 59(e) faces a difficult burden.  The applicant for reconsideration must show "at least one of the following grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Schumann v. Astrazeneca Pharm.*, L.P., 769 F.3d 837, 848 (3d Cir. 2014) (quoting *Max's Seafood Café*, 176 F.3d at 677).

III.   *Discussion*

McCarthy asserts that he filed a motion for extension of time in which to respond to the administrative order, (Doc. 8, Br. in Supp. Mot. for Reconsideration), but that the court failed to rule on that motion prior to dismissing his action.  He claims he needed addition time to comply with the order because the prison officials deny him paper and pen.  He also states he is attempting to enlist the assistance of an attorney in pursuing this matter.  (*Id.*, ECF p. 2).

First, upon inspection of the docket in this case, the court notes that there is no record of McCarthy's motion for enlargement of time.  Next, we note that during the time McCarthy had to respond to the court's administrative order, he managed to sent other submissions to the court, including the initiation of other actions.  Finally, as the court's

-2-

dismissal of his action was without prejudice, McCarthy may refile his action under a new case number should he choose to do so.

Because McCarthy identifies no newly discovered evidence or manifest errors of law or fact within our dismissal order, his motion for reconsideration will be denied.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 11, 2015